IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CEDRIC TIMOTHY HUMPHREY, | :: | PRISONER CIVIL RIGHTS |
| Plaintiff, | :: | 42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| DOUGLAS COUNTY OFFICERS / | :: | CIVIL ACTION NO. |
| APPOINTED COUNSEL et al., | :: | 1:15-CV-1630-WSD-LTW |
| Defendants. | :: | |

## NON-FINAL REPORT AND RECOMMENDATION

Plaintiff is a pre-trial detainee at the Douglas County Jail (the "Jail") who, pro se, seeks relief under 42 U.S.C. § 1983. (Doc. 1.) The Court granted Plaintiff leave to proceed *in forma pauperis* and now must screen his complaint under 28 U.S.C. § 1915A.

Federal courts must screen prisoner complaints to determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts may dismiss a complaint if the alleged facts do not state a claim for relief that is plausible on its face. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by

AO 72A
(Rev.8/82)

the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).

Plaintiff says that Douglas County police profiled him as he drove through the county on the interstate, stopped him, and arrested him for alleged financial fraud crimes. (Doc. 1 at 6-7.) Since his arrest, Plaintiff has had four "first appearance hearings" in court, been denied bond, been charged with seventeen counts of fraud and theft crimes, and received an appointed lawyer. (*Id.*)

But Plaintiff contends that it is "impossible to fight [his] criminal case and win due to the organized corruption in Douglas County." (*Id.* at 6.) Plaintiff contends that the superior court judge, his lawyer, the prosecutor, and police have all conspired, in a "premeditated" manner, to convict minorities and deny them due process. (*Id.* at 6-7.) As part of that alleged conspiracy, Plaintiff contends that his lawyer pressures him to plead guilty, everyone retaliates against him for not pleading guilty, and the superior court judge will not let him fire his lawyer. (*Id.*)

Plaintiff's challenge to his pending state criminal case and the officials involved in that case does not present a viable claim because the Court cannot interfere in that case. The abstention doctrine set out in *Younger v. Harris*, 401 U.S. 37 (1971) generally bars a federal court from interfering with a pending state criminal

prosecution. *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004). "*Younger* abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Turner v. Broward Sheriff's Office*, 542 F. App'x 764, 766 (11th Cir. 2013).

All of the *Younger* factors requiring abstention are present here. Plaintiff's complaint demonstrates that the state case is ongoing with active proceedings. Plaintiff's claim that he is being wrongfully prosecuted for crimes he did not commit goes to the heart of the criminal case and must be adjudicated in that case. And Plaintiff may raise any constitutional challenges in the state trial and appellate courts. *See Boyd v. Georgia*, 512 F. App'x 915, 917-18 (11th Cir. 2013) (affirming dismissal on abstention grounds of complaint regarding criminal prosecution pending in state court). This Court is not an appeals court for the state courts.

Plaintiff has stated a viable claim, however, of racial discrimination regarding an alleged event at the Jail. Plaintiff contends that he and a white inmate at the Jail deceived officers to get an extra food tray and he was punished much more severely

AO 72A
(Rev.8/82)

than the white inmate for that misconduct.[1] (*Id.* at 6-7.) Plaintiff says Officer Evans gave him a disciplinary report and placed him in segregation for twelve days while only locking the white inmate in his cell for one hour without a disciplinary report. (*Id.*) In short, Plaintiff contends that Evans treated the two inmates differently based on their race despite their engaging in "exactly the same" misconduct. (*Id.*)

"To establish a claim under the Equal Protection Clause, a prisoner can allege that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." *Smith v. Reg'l Dir. of Fla. Dep't of Corr.*, 368 F. App'x 9, 12 (11th Cir. 2010) (quotation marks omitted). "Where the protected interest is race, strict scrutiny applies." *Id.* Plaintiff's allegation of racial discrimination states a viable equal protection claim against Officer Evans.

---

[1] Plaintiff does not expressly allege that he is black or non-white, but a liberal construction of his complaint indicates that he is not white. The thrust of Plaintiff's complaint is that his prosecution is part of a conspiracy against racial minorities, he contends that he was profiled, and he contends that the disparate treatment of the white inmate was unlawful discrimination.

4

Accordingly, **IT IS RECOMMENDED** that Plaintiff's equal protection claim against Officer Evans be **ALLOWED TO PROCEED** and that Plaintiff's remaining claims be **DISMISSED** under 28 U.S.C. § 1915A.

**SO RECOMMENDED**, this \_\_10\_\_ day of \_\_June\_\_, 2015.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE