## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CEDRIC TIMOTHY HUMPHREY,

        **Plaintiff,**

    **v.**

DOUGLAS COUNTY OFFICERS /
APPOINTED COUNSEL,
WILLIAM GRAY, BRYAN
TOLBERT, STEVE SPROUSE,
TRENT WILSON, PATRICK
POSTON, DEPUTY HALL,
LADONNA SCHUMAKER,

        **Defendants.**

**1:15-cv-1630-WSD**

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Judge Linda T. Walker's

Non-Final Report and Recommendation ("R&R"), recommending that Plaintiff

Cedric Timothy Humphrey's ("Plaintiff") equal protection claim against Officer

Evans be allowed to proceed and that Plaintiff's remaining claims be dismissed

under 28 U.S.C. § 1915A.

## I.   BACKGROUND[1]

Plaintiff is a pre-trial detainee at the Douglas County Jail (the "Jail") who, *pro se*, seeks relief under 42 U.S.C. § 1983.  (Compl. [1]).  On May 7, 2015, Plaintiff filed his Complaint.  In it, Plaintiff alleges that Douglas County police profiled him as he drove through the county on the interstate, stopped him, and arrested him for alleged financial fraud crimes.  (Compl. at 6-7).  Since his arrest, Plaintiff has had four "first appearance hearings" in court, been denied bond, been charged with seventeen counts of fraud and theft crimes, and received an appointed lawyer.  (Id.).

Plaintiff also alleges that it is "impossible to fight [his] criminal case and win due to the organized corruption in Douglas County."  (Id. at 6).  He contends that the superior court judge, his lawyer, the prosecutor, and police have all conspired, in a "premeditated" manner, to convict minorities and deny them due process.  (Id. at 6-7).  As part of that alleged conspiracy, Plaintiff contends that his lawyer pressures him to plead guilty, everyone retaliates against him for not pleading guilty, and the superior court judge will not let him fire his lawyer.  (Id.).

---

[1]     The facts are taken from the R&R and the record.  The parties have not objected to any specific facts in the R&R, and the Court finds no plain error in them.  The Court thus adopts the facts set out in the R&R.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

Plaintiff next alleges that he and a white inmate at the Jail deceived officers to get an extra food tray, and that he was punished much more severely than the white inmate for that misconduct.  (Id.).[2]  Plaintiff alleges Officer Evans gave him a disciplinary report and placed him in segregation for twelve days while only locking the white inmate in his cell for one hour without a disciplinary report.  (Id.).  Plaintiff contends that Evans treated the two inmates differently based on their race despite their engaging in "exactly the same" misconduct.  (Id.).

Plaintiff's Complaint was submitted to the Magistrate Judge for the required frivolity review under 28 U.S.C. § 1915A.  On June 10, 2015, the Magistrate Judge issued her R&R.  In it, she determined that Plaintiff's challenge to his pending state criminal case and the officials involved in that case does not present a viable claim because the Court cannot interfere in the state criminal case.  She also determined that Plaintiff states a viable claim of racial discrimination against Officer Evans.

---

[2]     Plaintiff does not explicitly allege that he is black.  The Magistrate Judge determined that a liberal construction of Plaintiff's Complaint indicates that he is not white.  Plaintiff later filed a letter [10] in this action in which he claims he submitted a grievance against Officer Evans "for discrimination from white to black inmates," which suggests that Plaintiff is black.  The Court proceeds under the assumption that Plaintiff is black.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  Where, as here, no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

### B.   Analysis

Federal courts must screen prisoner complaints to determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A.  Courts may dismiss a complaint if the alleged facts do not state a claim for relief that is plausible on its face.  Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).  To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that:  (1) an act or omission deprived him of a right,

privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law.  Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010).

The Magistrate Judge determined that Plaintiff's challenge to his pending state criminal case and the officials involved in that case does not present a viable claim because the Court cannot interfere in the state court case.  The Court agrees. See Younger v. Harris, 401 U.S. 37 (1971); see also Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1262 (11th Cir. 2004).  The Court is required to abstain from a state court proceeding when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges. Turner v. Broward Sheriff's Office, 542 F. App'x 764, 766 (11th Cir. 2013) (citing 31 Foster Children v. Bush, 329 F.3d 1255, 1275-82 (11th Cir. 2003)).  The Magistrate Judge determined that all of the Younger factors requiring abstention are present here, and thus recommends dismissal of Plaintiff's claims challenging his pending state criminal case and against the officials involved in that case.  The Court finds no plain error in these findings and recommendation.

The Magistrate Judge also determined that Plaintiff states a viable claim of racial discrimination.  The Court agrees.  "To establish a claim under the Equal

Protection Clause, a prisoner can allege that '(1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race.'" Smith v. Reg'l Dir. of Fla. Dep't of Corr., 368 F. App'x 9, 12 (11th Cir. 2010) (quoting Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001)). "Where the protected interest is race, strict scrutiny applies." Id. The Magistrate Judge recommends that Plaintiff's equal protection claim against Officer Evans be allowed to proceed. The Court finds no plain error in these findings and recommendation.

## III.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Linda T. Walker's Non-Final Report and Recommendation [7] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff Cedric Timothy Humphrey's ("Plaintiff") equal protection claim against Officer Evans is **ALLOWED TO PROCEED**.

**IT IS FURTHER ORDERED** that Plaintiff's remaining claims are **DISMISSED** under 28 U.S.C. § 1915A.

The Clerk is **DIRECTED** to send Plaintiff copies of a USM 285 form, summons, and initial disclosures form.  Plaintiff is **DIRECTED** to complete the USM 285 form, the summons, and the initial disclosures form and return one for Defendant to the Clerk of Court within twenty (20) days of the entry date of this Order.  The Clerk is **DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply.  Plaintiff is warned that if he fails to provide accurate address information to the Clerk of Court for Defendant or fails to return the forms to the Clerk of Court within twenty (20) days of the entry date of this Order, this action may be dismissed for failure to obey a lawful order of the Court.  See LR 41.3 A.(2), N.D. Ga.

Upon receipt of the forms by the Clerk, the Clerk is **DIRECTED** to prepare a service waiver package for Defendant.  The service waiver package must include, two (2) Notices of Lawsuit and Request for Waiver of Service of Summons (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for use by Defendant for return of the waiver form, one (1) copy of the Complaint, one (1) copy of the initial disclosures form, and one (1) copy of this Order.  The Clerk shall retain the USM 285 forms and the summons.

Upon completion of the service waiver package, the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form and to mail the service waiver package to Defendant.  Defendant has a duty to avoid unnecessary costs of serving the summons.  If Defendant fails to comply with the request for waiver of service, the Defendant must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event Defendant does not return the Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package was mailed, the Clerk is **DIRECTED** to prepare and transmit to the USMS a service package.  The service package must include the USM 285 form, the summons, and one (1) copy of the Complaint.  Upon receipt of the service package, the USMS is **DIRECTED** to personally serve Defendant.  The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

**SO ORDERED** this 14th day of January, 2016.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE