IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CEDRIC TIMOTHY HUMPHREY,<br>Plaintiff, | ::<br>::<br>:: | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |
| v. | ::<br>:: | |
| OFFICER EVANS,<br>Defendant. | ::<br>:: | CIVIL ACTION NO.<br>1:15-CV-1630-WSD-LTW |

**FINAL REPORT AND RECOMMENDATION**

Plaintiff is confined at the Douglas County Jail in Douglasville, Georgia (the "Jail"). Plaintiff, pro se, seeks damages in this action for alleged violations of his constitutional rights at the Jail. (Doc. 1.) The Court screened Plaintiff's complaint, allowed his equal protection claim against Defendant Evans to proceed, and dismissed the other claims and defendants. (Docs. 7, 11.)

Defendant Evans, through counsel, filed a motion to dismiss. (Doc. 20.) Plaintiff did not file a response to that motion, and the time for doing so has expired.[1] *See* LR 7.1B, NDGa (requiring any response to be filed within fourteen days of service of the motion). The motion is thus deemed unopposed. *See id.*

---

[1] Defendant filed and served his motion on Plaintiff on April 7, 2016. (Doc. 20 at 3.)

Plaintiff's equal protection claim is that Defendant punished him more harshly than a Jail inmate of another race despite both inmates engaging in the same misconduct. (*See* Doc. 7 at 3-4.) Defendant contends that Plaintiff did not exhaust his administrative remedies before asserting that claim in court. (Doc. 20-1.)

Defendant submitted the declaration of Duane Whisenhunt, a Captain in the Douglas County Sheriff's Office who is familiar with the grievance procedure at the Jail, in support of his exhaustion defense. (Doc. 20-2.) Whisenhunt attached to his declaration the portion of the Jail's Inmate Handbook concerning the Jail's grievance procedure and Plaintiff's grievance records. (*Id.* at 7-23.)

A motion to dismiss is the proper vehicle to assert the affirmative defense of failure to exhaust administrative remedies because the issue is a matter of abatement. *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008). Federal courts may resolve factual disputes in ruling on such a motion. *Id.* at 1373-74.

Before filing a claim regarding prison conditions in court, prisoners must properly exhaust all available administrative remedies. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("Exhaustion is

2

no longer left to the discretion of the district court, but is mandatory."). "There is no question that exhaustion is mandatory . . . and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). Moreover, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ." *Woodford*, 548 U.S. at 90-91.

The Jail's formal grievance procedure requires an inmate to submit a written grievance and, if the inmate is not satisfied with the resolution of the grievance, file an appeal within three days of the resolution. (Doc. 20-2 at 7.) Appeals must be submitted through four individuals in the Jail's chain-of-command, beginning with the operations manager (a captain) and ending with the sheriff. (*Id.*) The grievance procedure provides: "Appeals must follow this chain in order to be valid. Those who file appeals that skip **any** command staff listed above will be considered invalid." (*Id.* (emphasis in original)) In his complaint, Plaintiff admitted his familiarity with the Jail's grievance procedure, (doc. 1 at 2), and Whisenhunt declared that the procedure is available to Plaintiff, (doc. 20-2 at 2).

Whisenhunt declared that on April 1, 2015, Plaintiff filed a grievance regarding Defendant's alleged discriminatory treatment that is the basis of Plaintiff's equal protection claim. (Doc. 20-2 at 3, 8-9.) Jail officials investigated the grievance and

3

denied it on April 6, 2015. (*Id.*) On December 22, 2015, Plaintiff submitted to Whisenhunt an appeal of the grievance denial. (*Id.* at 3, 10-11.) The appeal was denied as untimely because it was not submitted within three days of April 6, 2015, as required by the grievance procedure. (*Id.*) Plaintiff filed additional appeals on January 8 and 9, 2016. (*Id.* at 3-4, 12-19.) Those appeals were denied because the initial appeal was untimely. (*Id.*)

As noted above, Defendant's motion to dismiss is unopposed because Plaintiff did not file a response. The undisputed evidence establishes that Plaintiff did not comply with the Jail's grievance procedure regarding the sole claim in this case. The undersigned thus finds that Plaintiff did not exhaust his administrative remedies. *See Woodford*, 548 U.S. at 86-87 (finding that prisoner who filed grievance that was rejected as untimely did not exhaust administrative remedies); *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) ("[A]n untimely grievance does not satisfy the exhaustion requirement of the [Prison Litigation Reform Act].").

Accordingly, the undersigned **RECOMMENDS** that Defendant's motion to dismiss [20] be **GRANTED** and that this case be **DISMISSED**. *See Bryant*, 530 F.3d

4

AO 72A
(Rev.8/82)

at 1375 n.11 (suggesting that a prisoner action may be dismissed with prejudice for lack of exhaustion where administrative remedies are absolutely time barred).

**SO RECOMMENDED**, this 17 day of May, 2016.

*/s/ Linda T. Walker*
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

5