IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**CEDRIC TIMOTHY HUMPHREY,**

    **Plaintiff,**

v.                                               1:15-cv-1630-WSD

**OFFICER EVANS,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Linda T. Walker's Final Report and Recommendation [22] ("R&R"). The R&R recommends the Court grant Defendant Deputy Marc Evans's ("Defendant") Motion to Dismiss [20].

**I.   BACKGROUND**

On May 7, 2015, Plaintiff Cedric Timothy Humphrey ("Plaintiff"), confined at the Douglas County Jail in Douglasville, Georgia (the "Jail"), filed his Complaint [1]. Plaintiff seeks damages for alleged violations of his constitution rights at the Jail. On January 14, 2016, the Court screened Plaintiff's Complaint, allowed his equal protection claim against Defendant Evans to proceed, and dismissed the other claims and defendants. ([11]).

On April 7, 2016, Defendant filed his Motion to Dismiss, arguing that Plaintiff failed to exhaust his administrative remedies before filing his Complaint. Defendant included with his Motion the declaration of Duane Whisenhunt, a Captain in the Douglas County Sheriff's Office. ([20.2]). The declaration includes the portion of the Jail's Inmate Handbook concerning the Jail's grievance procedure and Plaintiff's grievance records. The grievance procedure requires an inmate to submit a written grievance and, if the inmate is not satisfied with the resolution of the grievance, file an appeal within three days of the resolution. (Id. at 7).

Captain Whisenhunt declared that, on April 1, 2015, Plaintiff filed a grievance regarding Defendant's alleged discriminatory treatment of him, which is the basis of Plaintiff's equal protection claim. Jail officials investigated the grievance and, on April 6, 2015, denied it. On December 22, 2015, Plaintiff submitted to Whisenhunt an appeal of the grievance denial, and the appeal was denied as untimely because it was not submitted within three days of April 6, 2015, as required by the grievance procedure. Plaintiff's subsequent appeals were denied because the initial appeal was untimely. Plaintiff did not file a response to Defendant's Motion to Dismiss.

On May 17, 2016, the Magistrate Judge issued her R&R. In it, the Magistrate Judge determined Plaintiff failed to exhaust his administrative remedies, because Plaintiff did not comply with the Jail's grievance procedure regarding the sole claim in this action. Plaintiff did not file any objections to the R&R, and has not otherwise taken any action in this case.

## II. ANALYSIS

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). No party objects to the R&R, and the Court thus conducts a plain error review of the record. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

### B. Discussion

Before filing a claim in court regarding prison conditions, prisoners must properly exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). A motion to dismiss is the proper vehicle to assert the affirmative defense of failure to exhaust administrative remedies, and federal courts may resolve factual disputes

in ruling on such a motion.  Bryant v. Rich, 530 F.3d 1368, 1374-75 (11th Cir. 2008).

The Magistrate Judge determined Plaintiff failed to exhaust his administrative remedies, because the undisputed evidence shows Plaintiff did not comply with the Jail's grievance procedure regarding the sole claim in this action. The Court agrees.  See Johnson v. Meadows, 418 F.3d 1152, 1157 (11th Cir. 2005) ("[A]n untimely grievance does not satisfy the exhaustion requirement of the [Prison Litigation Reform Act].").  The Magistrate Judge therefore recommends the Court grant Defendant's Motion to Dismiss.  The Court finds no plain error in these findings and recommendation, and Defendant's Motion to Dismiss is granted and this action is dismissed.  See Slay, 714 F.2d at 1095.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Linda T. Walker's Final Report and Recommendation [22] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant Deputy Marc Evans's Motion to Dismiss [20] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**SO ORDERED** this 22nd day of August, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE